UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM H. HOLDER,

                         Plaintiff,

                -vs-                          DECISION AND ORDER

ANDREW SAUL,                                 18-CV-6612-MJP
  Commissioner of Social Security,

                         Defendant.
_____

## INTRODUCTION

**Pedersen, M.J.** Plaintiff William H. Holder ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) and § 383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c) the parties have consented to the disposition of this case by a United States magistrate judge. (ECF No. 20.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 12 & 18.) For the reasons set forth below, this matter must be remanded for a rehearing.

**PROCEDURAL BACKGROUND**

On March 31, 2015, Plaintiff protectively filed a Title II application for a period of disability and for DIB. (R[1] 177.) Plaintiff alleged disability beginning on December 31, 2009, including dislocation in bilateral shoulder—1990, two surgeries on right shoulder/rotator cuff, stiffness in arm/bursitis in left shoulder, limited mobility/cannot stretch/put hands over head, cannot lift more than five to ten lbs/push/pull, anxiety—DX 2010, 1/2 blind in left eye—shot with BB-Gun, sleep apnea, high cholesterol and GERD. (R. 61–62; 177.) Plaintiff also protectively filed a Title XVI application for SSI on April 1, 2015. (R. 15.)[2] In his SSI application, Plaintiff alleged disability beginning on December 31, 2009, as well. (R. 15, 177.) The Social Security Administration denied Plaintiff's claims on June 29, 2015. (R. 61–86; 88–107.) On July 14, 2017, a hearing was held before an Administrative Law Judge ("A.L.J.") in Rochester, New York. (R. 31–60.) Plaintiff was present and represented by counsel. (R. 31.) A vocational expert also testified at the hearing. (R. 31, 33.)

The A.L.J. issued an unfavorable decision on August 28, 2017, finding that Plaintiff had the following severe impairments: "chronic shoulder pain (20 CFR 404.1520(c) and 416.920(c)." (R. 18.) Nevertheless, the A.L.J. determined that Plaintiff was able to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can stand and/or walk for 6 hours,

---

[1] "R" refers to the Record of Proceedings at the Social Security Administration, filed on February 26, 2018, ECF No. 6.

[2] The SSI application is not included in the record.

and sit for 6 hours or more in a workday. The claimant can occasionally lift and/or carry up to 10 pounds, and limited to only occasional reaching and handling bilaterally.

(R. 19.)

Plaintiff appealed to the Social Security Administration's Appeals Council and that body denied his request for review on June 28, 2018, making the A.L.J.'s decision the Commissioner's final decision. (R. 1–6.) Plaintiff filed this lawsuit on August 23, 2018.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105–06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

> (1) whether the claimant is currently engaged in substantial gainful activity;
>
> (2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

4

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and

(5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)(v) & 416.920(a)(4)(i)(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

Plaintiff raises two issues for the Court's review, asserting that:

1. The A.L.J.'s selective reading of various medical opinions assigned significant weight does not reflect an RFC finding that is supported by substantial evidence; and

2. The A.L.J. failed to evaluate Plaintiff's credibility pursuant to the appropriate legal standard, requiring remand.

(Pl's. Mem. of Law at 1, Apr. 10, 2019, ECF No. 12-1.) For the reasons explained below, the Court finds that this matter must be remanded.

***The A.L.J.'s RFC is Not Supported by Substantial Evidence Because It Does Not Contain Any Explanation as to Why Some Portions of Opinions to Which He Gave "Significant Weight" Were Credited and Why Other Portions Were Rejected.***

In general, "an ALJ is not required to explicitly ... reconcile every conflicting shred of medical testimony, so long as the ALJ carefully considers all of the evidence in reaching a determination." *Martino v. Comm'r of Soc. Sec.*, 339 F. Supp. 3d 118, 123 (W.D.N.Y. 2018) (internal quotations and citations omitted). Moreover, "[t]here is no absolute bar to crediting only portions of medical source opinions." *Wethington v. Berryhill*, No. 16-CV-6162-FPG, 2017 WL 2129493, at *3 (W.D.N.Y. May 17, 2017). However, where the A.L.J.'s "RFC assessment conflicts with an opinion from a medical source, the [A.L.J.] must explain why the opinion was not adopted." *Dioguardi* v. *Commissioner of Social Security*, 445 F. Supp. 2d 288, 297 (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). Accordingly, when an A.L.J. adopts only portions of a medical opinion he or she must explain why the remaining portions were rejected. *Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015) (citing *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015) (although an A.L.J. is free to credit only a portion of a medical opinion, "when doing so smacks of 'cherry picking' of evidence supporting a finding while rejecting contrary evidence from the same source, an [A.L.J.] must have a sound reason for weighting portions of the same-source opinions differently")).

The Court agrees with Plaintiff that, despite giving "significant weight" to the June 2012 opinion of Kellie Reed, M.D. (R. 753; 21), the June 2013 and June 2015 opinions of Harbinder Toor, M.D. (R. 533; 747; 22), the June 2015 and August 2015 opinions of Gregg Nicandri, M.D. (R. 708; 713; 23), and the February 2017 opinion of Dr. Nicandri and Sandeep Sain, M.D. (R. 23; 704.), the A.L.J. erred in not providing an explanation for why he included certain portions of these opinions in his RFC and rejected others.

For example, the RFC does not include any limitation relating to Dr. Reed's opinion that Plaintiff could only occasionally twist, stoop (bend), crouch/squat, and climb stairs, and could never climb ladders. (R. 756.) The A.L.J. also failed to explain why he did not include limitations contained in Dr. Toor's June 2013 and June 2015 opinions. Dr. Toor's 2013 opinion provided that Plaintiff was "moderately limited" (2–4 hours) in walking, standing, seeing, hearing, speaking and with stairs or other climbing, and that he was "very limited" (1–2 hours) with pushing, pulling, and bending. (R. 749.)[3] Dr. Toor's 2015 opinion indicated that Plaintiff had a "moderate to marked limitation . . . for physical activity like pushing, pulling . . and also moderate to marked limitation grasping, holding, writing, [and] doing fine motor

---

[3] While the A.L.J. indicates that "Dr. Toor noted that the claimant would not be unable to work for more than 6 months and was therefore not as limited as Dr. Toor opined throughout the adjudication period," he does not explain which portions of Dr. Toor's opinion, if any, were impacted by this statement. In other words, it is unclear whether, after assigning Dr. Toor's opinion significant weight, the A.L.J. then rejected it, or portions of it, because the expected duration of the limitations was six (6) months. It is similarly unclear which, if any, portions the A.L.J. credited and were included in the RFC.

7

activities with the right hand." (R. 537.) There is no explanation for why the A.L.J. did not include these limitations in his RFC despite assigning both of Dr. Toor's opinions "significant weight." Finally, the A.L.J. provides no explanation for the omission in the RFC of Plaintiff's ability regarding "pushing, pulling, bending" and "ability to lift/carry," which Dr. Nicandri and Dr. Sain found Plaintiff was "very limited" in performing, meaning one to two hours a day. (R. 707; 711; 713.)[4]

Without a proper explanation as to why the A.L.J. decided to adopt certain portions of the opinions to which he assigned "significant weight" and reject other parts, the A.L.J.'s RFC determination that Plaintiff can perform light work is not supported by substantial evidence.

### *The A.L.J. Improperly Discounted the Opinions of Treating Physician Dr. Reed.*

The A.L.J. considered two opinions from Dr. Reed, dated June 2012 (R. 753–57) and December 2013 (R. 733–36). The A.L.J. acknowledged that Dr. Reed is a "treating source." (R. 21.) The A.L.J. assigned "significant weight" to Dr. Reed's June 2012 opinion and "some weight" to her December 2013 opinion. (R. 21–22.) However, the A.L.J. appears to discount the weight given to both opinions by stating that "I note that due to the claimant's treatment and

---

[4] Dr. Nicandri provided two opinions, one in June 2015 and one in August 2015. (R. 708 & 713.) Dr. Sain provided an opinion in conjunction with Dr. Nicandri in February 2017. (R. 704.) In his decision the A.L.J. states that he considered the "2015 and a [*sic*] February 2017 physical assessments for determination of employability" from Dr. Nicandri and Dr. Sain. However, it is not clear from the decision whether the A.L.J. considered both of Dr. Nicandri's 2015 assessments. The Court has considered both of Dr. Nicandri's opinions, but, on remand, the A.L.J. should make it clear exactly which opinions he is discussing.

8

surgeries, the record supports that the claimant was not as limited as Dr. Reed opined throughout the adjudication period" (in connection with the 2012 opinion) and that "the record supports the claimant was not as limited as Dr. Reed opined throughout the adjudication period" (in connection with the 2013 opinion). (R. 21–22.) These statements are problematic for several reasons. First, Dr. Reed is a treating physician, seeing Plaintiff consistently throughout the adjudication period. (R. 301–463, 625–651; 921–931.) The Social Security Administration's regulation on this issue provides:

> Generally, we give more weight to opinions from your treating sources ... [i]f we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 416.927(d)(2). Moreover, "[t]he ALJ must comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion." *Burgess v. Astrue*, 537 F.3d 117, 129–30 (2d Cir. 2008) (internal quotations and citations omitted); see 20 C.F.R. § 404.1527(d)(2) (stating that the agency "will always give *good reasons* in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion" (emphasis added)). The "good reasons [provided by an A.L.J. for the weight given to a treating physician's opinion] must be supported by the evidence in the case record, and must be sufficiently specific . . . ." *Mojbel v. Comm'r of Soc. Sec.*, 385 F. Supp. 3d 199, 203 (W.D.N.Y. 2019). The Second Circuit "[does] not hesitate to remand when the Commissioner's decision has not provided 'good reasons' for the

9

weight given to a [treating physician's] opinion and [it] will continue remanding when [it] encounter[s] opinions from [A.L.J.s] that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart,* 362 F.3d 28, 33 (2d Cir. 2004).

Although the A.L.J. states that he assigned significant weight to Dr. Reed's 2012 opinion, in is unclear if he actually did assign such weight or if he actually discounted it given the limiting language that he included in his decision that "due to the claimant's treatment and surgeries, the record supports that the claimant was not as limited as Dr. Reed opined throughout the adjudication period." (R. 21.) The weight given to Dr. Reed's 2012 opinion is even more questionable when viewing the limitations included in her opinion as compared to those included in the RFC. For example, as explained above, Dr. Reed opined that Plaintiff could only occasionally twist, stoop (bend), crouch/squat, and climb stairs, and could never climb ladders. (R. 756.) These limitations do not appear in the A.L.J's RFC and it is unclear why these limitations would have changed "due to claimant's treatment and surgeries" occurring after this opinion was authored given that the subsequent treatment and surgeries related mainly to Plaintiff's right shoulder. In sum, it appears that the A.L.J. did not actually credit Dr. Reed's 2012 opinion with significant weight. Because of this, the A.L.J. was required to give "good reasons" for the weight given and the broad-sweeping, vague reason provided by the A.L.J. does not pass muster. In particular, it is not clear what treatment or surgeries

10

rendered the limitations contained in Dr. Reed's opinion inapplicable. It is also not clear *which* of Dr. Reed's functional limitations the A.L.J. believed were rendered inapplicable due to Plaintiff's subsequent treatment and surgeries.

The A.L.J.'s treatment of Dr. Reed's 2013 opinion is also erroneous. The A.L.J. assigned "partial weight" to this opinion and only provided that "the record supports that the claimant was not as limited as Dr. Reed opined throughout the adjudication period." (R. 22.) Again, given that Dr. Reed is a treating physician, the A.L.J. was required to give good reasons for assigning her opinion less than controlling weight. It is impossible to decipher what parts of the record demonstrate that Dr. Reed's opinion regarding Plaintiff's limitations was no longer applicable during the adjudication period because the A.L.J. does not provide any citations or offer any further explanation. In sum, the A.L.J. did not provid good reasons for not giving controlling weight to Dr. Reed's 2013 opinion, which warrants remand.

The forgoing errors require reversal and remand. Since remand is required, the Court need not address the other argument advanced by Plaintiff in support of his motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (ECF No. 12) is granted and the Commissioner's motion for judgment on the pleadings (ECF No. 18) is denied. The case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for an expedited hearing.

The Clerk of the Court is directed to enter judgment in favor of the Plaintiff and close this case.

**IT IS SO ORDERED.**

DATED: March 26, 2020
Rochester, New York

/s/ Mark W. Pedersen
MARK W. PEDERSEN
United States Magistrate Judge